# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROBERT LEE JENKINS,

               Plaintiff,

   v.

PERRY, et al.,

               Defendants.

_____/

CASE NO. 1:07-cv-01223 LJO DLB PC

ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS

Screening Order

    A.     Screening Requirement

       Plaintiff Robert Lee Jenkins ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 31, 2007. On August 22, 2007 this case was transferred from the Northern District of California.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)). Plaintiff's complaint, filed July 31, 2007, is the subject of the screening set forth below.

B.     <u>Summary of Plaintiff's Complaint</u>

Plaintiff is presently incarcerated at California Men's Colony. It appears that plaintiff was previously an inmate at Pleasant Valley State Prison, where the events at issue occurred. Plaintiff names Lieutenant M. Perry, Sergeant M. Bradford, Sergeant Chalabian, Sergeant Hosman, Captain W. Williams, R. Shannon, M.C. Voss, Associate Warden J.M. Mattingly, and Warden James A. Yates as defendants ("defendants"). Plaintiff seeks monetary damages.

Plaintiff alleges that on August 2, 2005 he was involved in an "incident" with another inmate (Inmate Neeley). Plaintiff states that he is black and inmate Neeley is caucasian. Plaintiff alleges that defendants Perry, Bradford, Chalabial and Williams failed to properly investigate the incident,

instead referring the matter to the Men's Advisory Council.  Plaintiff alleges that the next day inmate

Neeley was attacked by unknown caucasian inmates.  Plaintiff contends that defendants should have

known that there was a problem.  Plaintiff alleges that the next day, August 4, 2005, he was assaulted

by unknown black inmates.  Plaintiff alleges that by failing to investigate the incident of August 2,

2005, defendants allowed the attack on him to occur.

C.      Plaintiff's Eighth Amendment Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

(internal quotations omitted.)  "To the extent that the violation of a state law amounts to the

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions

of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983,

if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform

an act which [that person] is legally required to do that causes the deprivation of which complaint

is made.'"  Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588

F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by

some kind of direct, personal participation in the deprivation, but also be setting in motion a series

of acts by others which the actor knows or reasonably should know would cause others to inflict the

constitutional injury.'"  Id. (quoting Johnson at 743-44).

Plaintiff's claim involves allegations that defendants failed to protect him from harm, and

therefore falls within the purview of the Eighth Amendment.  To constitute cruel and unusual

1   punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and

2   unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although

3   prison conditions may be restrictive and harsh, prison officials must provide prisoners with food,

4   clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d

5   1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials

6   have a duty to take reasonable steps to protect inmates from physical abuse.  Hoptowit, 682 F.2d at

7   1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a violation of this

8   duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk

9   of serious harm to the inmates's safety.  Farmer, 511 U.S. at 834.  The deliberate indifference

10  standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

11  objective terms, "sufficiently serious . . . ."  Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294,

12  298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate

13  health or safety."  Id. at 837.

14          Plaintiff has not alleged any facts which would support a claim that the named defendants

15  "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety."  Farmer, 511 U.S.

16  at 837.  "Deliberate indifference is a high legal standard."  Toguchi, 391 F.3d at 1060.  "Under this

17  standard, the prison official must not only 'be aware of the facts from which the inference could be

18  drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

19  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the

20  risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

21  risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

22          The court will provide plaintiff with the opportunity to file an amended complaint.  In his

23  amended complaint, plaintiff must link each defendant to an act or omission that rises to the level

24  of an Eighth Amendment violation.  With respect to defendants Mattingly and Yates, who hold

25  supervisory positions, plaintiff must allege some facts indicating that the defendants either:

26  personally participated in the alleged deprivation of constitutional rights; knew of the violations and

27  failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy

28  'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

4

violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior, and when the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

Furthermore, with respect to the defendants involved in responding to plaintiff's inmate appeal, the resolution of an inmate's appeal, alone, is an insufficient basis upon which to impose liability under section 1983.  Buckley v. Barlow, 997 F. 2d.494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F 3d.850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F. 3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F 2d 639, 640 (9th Cir. 1988).

D.    Conclusion

The court finds that plaintiff's complaint does not state a claim upon which relief may be granted under section 1983 for violation of the Eighth Amendment.  The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

1    Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

2 complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

3 supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once

4 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

5 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

6 of each defendant must be sufficiently alleged.

7    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

8    1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

9          upon which relief may be granted under section 1983;

10   2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

11   3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an

12          amended complaint; and

13   4.    If plaintiff fails to file an amended complaint in compliance with this order, the court

14          will recommend that this action be dismissed, with prejudice, for failure to state a

15          claim upon which relief may be granted.

16

17   IT IS SO ORDERED.

18   **Dated:    April 16, 2008**          _____ **/s/ Dennis L. Beck**_____
                                          UNITED STATES MAGISTRATE JUDGE

6