# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, | CASE NO. 1:07-cv-01223 DLB PC |
| Plaintiff, | ORDER DISMISSING DEFENDANT WILLIAMS FROM ACTION WITHOUT PREJUDICE |
| vs. | |
| L.T. PERRY JR., et al., | (Doc. 15) |
| Defendants. | |

Plaintiff Robert Lee Jenkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  This action is proceeding on plaintiff's amended complaint, filed on May 1, 2008.  (Doc. 8.)  On January 13, 2009, the court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for each defendant to be served. (Doc. 10.)  Plaintiff submitted the required documents on January 27, 2009 and the court directed the United States Marshal to initiate service on four defendants.  (Docs. 11, 12.)  Three of the four defendants subsequently made an appearance in this action. (Doc. 16.)  However, the Marshal was unable to locate and serve defendant Williams, and on March 12, 2009, the Marshal returned the USM-285 form to the court. (Doc. 14.)  On March 13, 2009, the court ordered plaintiff to show cause within thirty days why defendant Williams should not be dismissed from this action. (Doc. 15.)  Plaintiff filed a response to the order on April 3, 2009.  (Doc. 18.)

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

1

But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the address provided by plaintiff for defendant Williams is no longer accurate. The summons was returned with a notation indicating that the defendant Williams is deceased. (Doc. 14.) In his response to the order to show cause, plaintiff moves to substitute either defendant Williams' spouse or estate into the action pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

Rule 25(a) governs the substitution of a party when a party dies and the claim is not extinguished. Rule 25 is inapplicable in this instance, however, because defendant Williams was not served with the summons and therefore is not a party to this action. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 US 344, 350 (1999), 119 S.Ct. 1322, 1327 ("(O)ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").

Accordingly, defendant Williams is HEREBY ORDERED DISMISSED from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated:   **June 15, 2009**            **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

2