IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, | CASE NO. 1:07-cv-1223 DLB PC |
| Plaintiff, | ORDER RE CONSENT/DECLINE TO MAGISTRATE JUDGE JURISDICTION FORM FILED BY PLAINTIFF |
| vs. | |
| L.T. PERRY, JR., et al., | (Doc. 30) |
| Defendants. | |

Plaintiff Robert Lee Jenkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 4, 2007, Plaintiff filed a notice of consent to United States Magistrate Judge jurisdiction. (Doc. 6.) On June 9, 2009, defendants Perry, Bradford and Chalabian ("Defendants"), against whom this action proceeds, filed a notice of consent to United States Magistrate Judge jurisdiction. (Doc. 27.) On June 15, 2009, this action was reassigned to the undersigned for all purposes within the meaning of 28 U.S.C. §636(c). (Doc. 28.) On June 19, 2009, Plaintiff re-filed Defendants' notice of consent form, signing the portion of the form declining to the jurisdiction of a United States Magistrate Judge. (Doc. 29.)

Plaintiff is advised that he is not required to sign the consent form submitted by the Defendants, since he had already submitted his own consent form on September 4, 2007. However, if Plaintiff is seeking to withdraw his consent to Magistrate Judge jurisdiction, Plaintiff must file a motion and must show extraordinary circumstances.[1]

This matter remains assigned to the undersigned pursuant to 28 U.S.C. §636©.

IT IS SO ORDERED.

Dated:   **June 23, 2009**        /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

---

[1] Once a civil case is referred to a magistrate judge under 636(c), the reference can be withdrawn by the court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." Id.

1