**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, | CASE NO. 1:07-cv-01223 DLB PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| PERRY, et al., | (Docs. 19, 24) |
| Defendants. | |

**Order on Plaintiff's Motion for Summary Judgment**

**I.    Background**

Plaintiff Robert Lee Jenkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed May 1, 2008, against defendants Lt. Perry, Sergeant Bradford, and Sergeant Chalabian for violation of the Eighth Amendment of the United States Constitution. On April 15, 2009, Plaintiff filed a motion for summary judgment against defendants Perry, Bradford, Chalabian and Williams.[1] (Doc. 19.) Defendants Perry, Bradford and Chalabian ("Defendants") filed an opposition on May 4, 2009. (Doc. 20.) Plaintiff's reply, served May 18, 2009 and filed May 21, 2009, is untimely and not considered by the Court. Local Rule 78-230(m).

///

---

[1] Captain Williams was dismissed without prejudice from this action by order filed June 15, 2009. (Doc. 29.) This motion proceeds against the remaining three defendants.

1  **II.     Plaintiff's Motion for Summary Judgment**

2      **A.     Legal Standard**

3      Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It is the moving party's burden to establish that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. British Airways Board v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978).

"When the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Issues of Material Fact 99 F.R.D. 465, 487 (1984)). "But where the moving party has the burden - the plaintiff on a claim for relief or the defendant on an affirmative defense - his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Id. Here, plaintiff must demonstrate there is no triable issue as to the matters alleged in his complaint. Id. This requires plaintiff to establish beyond controversy every essential element of his failure to protect claim. Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986). Plaintiff's evidence is judged by the same standard of proof applicable at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

    **B.     Undisputed Facts**

There are no undisputed facts.

    **C.     Eighth Amendment Claim**

In his verified first amended complaint, Plaintiff alleges that on August 2, 2005, a fight occurred between Plaintiff and inmate Neeley during a class in vocational masonry. (Doc. 8, p.4.) Plaintiff contends that Captain Williams and defendants Perry and Bradford were informed of the

incident afterwards. (Id., p.5.) Rather than conduct an investigation, defendants Perry and Bradford referred the matter to the Men's Advisory Council. (Id.) Plaintiff alleges that the next day inmate Neeley, who is caucasian, was "jumped" by caucasian inmates. Plaintiff alleges that the day after he was also "jumped and beaten" (Id.) Plaintiff alleges that defendant Sgt. Chalabian walked in after the attack on Plaintiff and stated "I see they already got to him." (Id., p.6.) Plaintiff contends that defendants failed to protect him from the subsequent attack on August 4, 2005 by not conducting a proper investigation after the April 2, 2005 incident.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

Plaintiff argues that he is entitled to judgment as a matter of law on his failure to protect claim. The events giving rise to this action occurred at Pleasant Valley State Prison.[2] (Doc. 19, p.2, ¶2.) Plaintiff attests that an incident between himself and another inmate on August 2, 2005 in vocations "brick masonry". (Id., p.4.) The incident started with an argument between Plaintiff and

---

[2] The Court treats Plaintiff's entire motion for summary judgment as verified. Nevertheless, declarations offered in support of a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). The requirements of personal knowledge and competence to testify may be inferred from the declaration itself. Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990).

3

1  inmate Neeley. (Id., p.2, ¶¶3, 4, 6.) Fifteen minutes later the institution was then placed on lock-
2  down status while defendant Perry, defendant Bradford and Captain Williams discussed the incident.
3  (Id., p.4.) Defendants Perry and Bradford learned that there was an argument between Plaintiff, who
4  is black, and inmate Neeley, who is white. (Id.) Defendant Perry did not interview Plaintiff nor
5  inmate Neeley. (Id.) Defendant Perry and Captain Williams placed the Men's Advisory Council in
6  charge of the investigation. (Id., p.2, ¶5.) Plaintiff attests that the white representatives and black
7  representatives of the Men's Advisory Council agreed that "each race would deal with each inmate."
8  (Id., p.4.) Plaintiff attests that defendant Perry, defendant Bradford and Captain Williams agreed
9  with the decision. (Id.) The following day inmate Neeley was attacked. (Id.) The day after Plaintiff
10 was attacked. (Id.) Plaintiff attests that defendants were aware of the planned attack on Plaintiff and
11 allowed the Men's Advisory Council to see it through. (Id., p.6.) Plaintiff contends that they are
12 liable for failing to protect him from a known and substantial risk of harm, in violation of the Eighth
13 Amendment.

14      In opposition, Defendants argue that there are triable issues of fact that preclude granting
15 plaintiff's motion. Defendants submit evidence that after the August 2, 2005 incident both Plaintiff
16 and inmate Neeley were interviewed and both inmates denied any involvement. (Doc. 20, Perry
17 Decl. ¶3; Bradford Decl. ¶3.) Defendants submit evidence that on August 4, 2005, the masonry
18 instructor reported to defendant Bradford that he thought Plaintiff had been assaulted outside his
19 classroom. (Doc. 20, Perry Decl. ¶4; Bradford Decl. ¶4.) Defendants submit evidence that defendant
20 Bradford escorted Plaintiff to Defendant Perry's office, where Plaintiff claimed that he had blacked
21 out in front of the classroom. (Doc. 20, Perry Decl. ¶5, 10, 11; Bradford Decl. ¶5.)

22      Defendants Perry, Bradford and Chalabian attest that on August 4, 2005 they had no prior
23 knowledge that Plaintiff's safety was at risk because of his involvement in the August 2, 2005
24 incident. (Doc. 20, Perry Decl. ¶8; Bradford Decl. ¶11.) Defendants Perry and Bradford further attest
25 that on August 4, 2005 they were aware only that Plaintiff denied any involvement in the August 2,
26 2005 incident. (Doc. 20, Perry Decl. ¶9; Bradford Decl. ¶12.) Defendant Chalabian further attests
27 that on August 4, 2005, he was unaware that Plaintiff had been involved in the August 2, 2005
28 incident. (Doc. 20, Chalabian Decl. ¶4.)

1  The Court may not grant Plaintiff's motion for summary judgment where Defendants have submitted evidence bringing into dispute plaintiff's version of events. The evidence of defendants, as the opposing party, is to be believed, <u>Anderson</u>, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of defendants. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citing <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962) (per curiam)). Defendants' declarations create triable issues of fact as to whether any of the defendants had reason to believe that Plaintiff was involved in the August 2, 2005 incident; whether any of the defendants had any knowledge that Plaintiff was at risk of physical harm based on the August 2, 2005 incident; and whether Plaintiff was assaulted on August 4, 2005. Consequently, there is a triable issue of fact as to whether any of the defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff's safety. The Court cannot choose to believe Plaintiff's version of events over Defendants' version of events on summary judgment. It is for the trier of fact to weigh the evidence and make credibility determinations. Accordingly, Plaintiff is not entitled to judgment as a matter of law on his failure to protect claim against defendants Perry, Bradford and Chalabian.

**III.     Conclusion**

Based on the foregoing, Plaintiff's motion for summary judgment, filed April 15, 2009, is HEREBY ORDERED DENIED.

  IT IS SO ORDERED.

  Dated:   **September 17, 2009**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE