# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS,<br><br>           Plaintiff,<br><br>      v.<br><br>L. T. PERRY, JR., et al.,<br><br>           Defendants.<br>                                                    / | CASE NO. 1:07-cv-01223-DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS<br><br>(Docs. 36, 39, 40, 41, 42, 43, 44, 46) |

Plaintiff Robert Lee Jenkins ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed May 1, 2008, against Defendants Perry, Bradford, and Chalabian on Plaintiff's Eighth Amendment failure to protect claim. (Doc. 8.) On April 19, 2010, Plaintiff filed several motions with the Court (Docs. 36, 39, 40, 41, 42, 43, and 44). On May 5, 2010, Plaintiff submitted a motion for a settlement conference. (Doc. 46.) The Court addresses each in turn.

I.   **Motion For Production Of Documents (Doc. 36)**

Plaintiff requests that the Defendants produce documents for inspection and copying. In particular, Plaintiff requests (1) all documents that refer or relate to policy, procedures, and practices for the safe custody of inmates in effect on August 2005; (2) any and all equipment use logs for B-yard video equipment on August 2 through August 4 2005 at Pleasant Valley State Prison ("PVSP"); (3) any and all records of training that has been provided to each defendant

pertaining to responsibility for protection and safe custody of inmates in 2005 at PVSP; (4) any and all documents, CDC-115's, or CDC 128-B incident reports concerning incidents that took place at vocations brick masonry on August 2 to August 4, 2005 at PVSP of all inmates involved; (5) any and all interviews taken on August 2 through August 4, 2005 concerning the incident; (6) any and all documents, CDC 115's for fighting on August 3, 2005 concerning inmate Neeley, and any and all CDC 128-B's documented on August 2 through August 8, 2005; (7) any and all documents received, read, or reviewed by each Defendants relating to training, policies, or procedures on protecting inmates from physical harm; (8) any and all formal and informal written complaints against any Defendant, alleging staff misconduct that occurred prior to alleged August 2, 2005; and (9) any and all policies on staff responsibilities to protect inmates from physical harm at PVSP during Defendant's employment there. (Doc. 36, Request for Production of Documents.)

      The discovery cut-off deadline, as set by the Court in its discovery and scheduling order on March 31, 2009, was December 1, 2009. (Doc. 17.) Plaintiff was required to file all discovery requests with the Defendants forty-five days before that deadline. (Doc. 17, Order ¶ 3.) Motions to compel were due by December 1, 2009. (Order ¶ 8.) Plaintiff at this point is requesting that discovery be re-opened, which requires a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Plaintiff presents no good cause for his delay. Accordingly, Plaintiff's request for production of documents is DENIED.

**II.     Pre-Trial Motion For Medical Records (Doc. 39)**

      Plaintiff requests his medical records from Coalinga Regional Medical Center, where Plaintiff was admitted for serious injuries for the assault at PVSP on August 4, 2005. (Doc. 39, Pre-Trial Motion For Medical Records). As stated previously, the Court finds that Plaintiff is requesting to re-open discovery. Again, the discovery cut-off deadline was December 1, 2009, and Plaintiff presents no good cause. Accordingly, Plaintiff's request for medical records is DENIED.

///

### III. Motion for Court Order Regarding Witnesses (Doc. 40)

Plaintiff requests that the following witnesses be allowed to testify, either in person, via telephone. Plaintiff also requests that he be assigned an investigator so that the witnesses can be interviewed, or for telephonic communication between the trial court and witness. Plaintiff requests: Stanley House, Neeley, Michael Benton (CDC # D-67759), Appeal coordinator M. C. Voss, appeal coordinator R. Shannon, and all inmates involved in the incident in vocations brick masonry class on August 2, 2005 that received CDC 115's and CDC 128-B chronos.

It is unclear who Stanley House and Neeley are. If they are incarcerated witnesses, Defendants have until July 9, 2010, to file any opposition to their attendance.[1] The Court will not order these witnesses to appear telephonically, but will issue a subpoena for the attendance of these witnesses if they have actual knowledge of relevant facts and are willing to testify on Plaintiff's behalf.

The Court denies Plaintiff's request for appointment of an investigator. Even if Plaintiff is proceeding in forma pauperis, the statute does not authorize the expenditure of public funds for the appointment of an investigator. 28 U.S.C. § 1915; *see Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (finding that expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress).

Plaintiff also requests the appearance of two unincarcerated witnesses, M. C. Voss and R. Shannon. If the witness is unwilling to voluntarily testify, the witness must be served with a subpoena, and Plaintiff must pay for the witness's presence. As stated in the Court's March 25, 2010 order, the appropriate daily witness fee is $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821. The United States Marshal will not issue the subpoena until a money order is received. These money orders are due July 16, 2010.

Accordingly, Plaintiff's motion is DENIED in part, as stated herein. Defendants' opposition to Plaintiff's motion for attendance of incarcerated witnesses is due July 9, 2010.

---

[1] Plaintiff has not submitted a declaration attesting to these witnesses' willingness to testify, nor a declaration stating what first-hand knowledge these incarcerated witnesses possess, as required in the Court's March 25, 2010 order. Failure to do so may result in denial of their attendance during trial.

1   Plaintiff's money orders for the attendance of unincarcerated witnesses is due July 16, 2010.

2   **IV.       Motion For Court Order to Serve Subpoena on Witness (Doc. 41)**

3           Plaintiff requests that subpoenas be issued for the above witnesses.  Plaintiff's motion is
4   DENIED in part, as stated above.

5   **V.        Motion For Consent To Be Transferred To U.S. District Court (Doc. 42)**

6           Plaintiff consents to being transferred to the United States District Court in the Eastern
7   District of California, Fresno Division, for trial.  Plaintiff's motion is unnecessary, as the Court
8   will issue a subpoena ad testificandum for Plaintiff's appearance when necessary.  Accordingly,
9   Plaintiff's motion is DISREGARDED.

10  **VI.       Motion Petition For Writ Of Habeas Corpus Ad Testificandum (Doc. 43)**

11          Plaintiff's motion is DISREGARDED, as stated above.

12  **VII.      Pre-Trial Motion Exhibits A-U (Doc. 44)**

13          Plaintiff appears to have submitted his trial exhibits, and mistakenly labeled the
14  submission as a motion.  The motion is thus DISREGARDED.

15  **VIII.     Motion To Hold Settlement Conference (Doc. 46)**

16          On May 5, 2010, Plaintiff filed a motion to hold a settlement conference, pursuant to
17  Federal Rule of Civil Procedure 16(a)(5), which allows the Court to order a pretrial conference
18  for the purposes of facilitating settlement.  Defendants have given no indication to the Court
19  whether they are interested in settlement.  Until the Court receives said indication from
20  Defendants, the Court presumes that Defendants are not interested in settlement at this time.
21  Accordingly, the Court DENIES Plaintiff's motion to hold a settlement conference, without
22  prejudice.

23          IT IS SO ORDERED.

24       Dated:   **June 4, 2010**                    **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE